**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
|     v. : | |
| : | **CASE NO:  7:23-CR-25 (WLS)** |
| **TOBIAS MARQUEZ MITCHELL,** : | |
| : | |
|     Defendant. : | |
| _____ | |

**ORDER**

Before the Court is the United States' Motion in Limine (Doc. 25) ("Motion") filed on August 9, 2023. By Order (Doc. 26), the Court required the Defendant to file a response to the Motion and for the Parties to advise the Court whether a hearing was requested on the Motion. Defendant filed a timely response (Doc. 27) stating that Defense Counsel is well aware of his responsibilities as a lawyer practicing in this Court. The Court is very familiar with counsel practicing before it and, as indicated below, finds that much of the Government's Motion unnecessarily requests that the Court order Defense Counsel to comply with the Federal Rules of Criminal Procedure and Federal Rules of Evidence. Upon full review and consideration, the Motion is granted in part and denied in part for the reasons stated below. The Government's Motion requests the restrictions be applied only to Defense Counsel. However, unless otherwise noted, all requested restrictions which are granted are equally applicable to both Parties and to the Government's and Defendant's Counsel.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Defendant was indicted on March 14, 2023.  The Indictment (Doc. 1) contains two charges for Possession of Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Count One asserts that on or about April 4, 2021, the Defendant knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a Gecado, .22 short caliber revolver, Serial Number: 960983, said firearm having been shipped and transported in interstate and foreign commerce.  Count Two asserts that on or about December 5, 2022, the Defendant, knowing that he had been convicted of a

crime punishable by imprisonment for a term exceeding one year, knowingly possessed a Ruger LCP, .380 caliber, semiautomatic pistol, Serial Number: 378-88884, said firearm having been shipped and transported in interstate commerce. By Order (Doc. 11) entered July 25, 2023, the Defendant was ordered to be detained pending trial.

By Order enter simultaneously with this Order, the trial of this matter is being continued to the February 2024 Valdosta trial term.

## II. LAW AND ANALYSIS

### A. Motions in Limine are Disfavored and Preliminary

As an initial matter, the real purpose of a motion in limine is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and could irretrievably impact the fairness of the trial. *Royal Marco Point 1 Condo. Ass'n v. QBE Ins. Corp.*, No. 2:07-cv-16-FtM-99SPC, 2011 WL 470561, at *2 (M.D. Fla. Feb. 2, 2011) (citing *Luce v. United States*, 469 U.S. 38, 41 (1984)). Indeed, because the context at trial often determines the admissibility of evidence, "[i]n limine rulings to admit or exclude evidence are always preliminary and conditioned on what the evidence shows at trial." *Rosenfeld v. Oceania Cruises, Inc.*, 682 F.3d 1320, 1325 (11th Cir. 2012) (Tjoflat, J., dissenting from denial of reh'g en banc (citing *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."))). And relevance is intentionally a broad concept— "[e]vidence is relevant if it has any tendency to make a [consequential] fact more or less probable than it would be without the evidence." FED. R. EVID. 401. This means that various types of evidence could potentially be relevant at trial notwithstanding a movant's in limine position. Furthermore, a trial court can promptly instruct a jury to disregard improper testimony or inadmissible evidence, and "'[i]n many such cases the jury can and will follow the trial judge's instructions to disregard such information.'" *United States v. Astling*, 733 F.2d 1446, 1455 (11th Cir. 1984) (quoting *Bruton v. United States*, 391 U.S. 123, 135 (1968)); *United States v. Fuentes*, 521 F. App'x 911, 911 (11th Cir. 2013).

As such, the Court disfavors motions in limine and retains the discretion to change any rulings on evidence made herein based on a party's objections, evidence, or arguments at trial. However, no counsel, party, or witness may reference excluded evidence before counsel first notices the Court and opposing counsel outside of the presence of the jury and obtains the

Court's ultimate ruling regarding the same. Counsel shall also accordingly instruct their witnesses. Counsel shall make proper and timely objections at trial as to any evidence or argument they consider inadmissible.

Here, the Government has filed an omnibus-type motion in limine that seeks to exclude broad, vague, and speculative categories of evidence and argument of which the Court cannot predetermine the admissibility. *See Williams v. Harvey*, 858 S.E.2d 479, 453 (Ga. 2021) (finding a motion in limine "so vague and overly broad as to render it virtually meaningless as a vehicle to decide an issue before it [is] raised in context at trial"). Much of the evidence and argument the Government seeks to exclude is entirely hypothetical. A large portion of the Government's Motion appears to be a boilerplate form requesting the Court to order Defense Counsel to comply with Federal Rules of Criminal Procedure 16(d)(2) and 26.2 and with the Federal Rules of Evidence.

> Motions in limine exist to help narrow and define the questions that will be presented at trial and to assist the trial court and counsel in preparation for and execution of the trial.
>
> Further, motions in limine can be useful in avoiding even the passing mention in front of the jury of improper or inadmissible matters that are particularly prejudicial. *A motion in limine that essentially asks the trial court to follow the law does not accomplish any of those ends.*

*Williams*, 858 S.E.2d at 492 (Bethel, J. concurring) (emphasis added). Furthermore, the Court has consistently declined to grant such motions that are outside the real purpose of motions in limine.

Thus, the Court will resolve the Government's Motion only as to those types of evidence or argument that clearly appear to be inadmissible or admissible. *See Williams*, 858 S.E.2d at 490 ("[A] motion in limine to exclude evidence should be granted only if there is no circumstance under which the evidence is likely to be admissible at trial.") (internal quotation marks omitted) (citation omitted). Counsel shall make proper and contemporaneous objections at trial as to any evidence or argument they consider inadmissible. *See Cephus v. CSX Transp., Inc.*, 771 F. App'x 883, 894-95 (11th Cir. 2019) (finding that a party should promptly object to suspected violations of a motion in limine order unless objection would clearly be futile); *see also Williams*, 858 S.E.2d at 487 ("We conclude that a contemporaneous objection must be made at the time an alleged violation of a ruled-upon motion in limine occurs at trial

3

– whether during the presentation of evidence or in opening statements or arguments made by counsel before the factfinder – in order to preserve the error for appeal.").

### B. Resolution of the Government's Motion in Limine

#### 1. Prohibitions as to the opening statements of Counsel.

In ¶¶ 1 and 2, the Government requests that during opening statements, Defense Counsel be precluded from presenting arguments or referring to or commenting on exhibits which have not been previously provided to Government's Counsel.

The Government's Motion is **GRANTED** with respect to ¶¶ 1 and 2 as follows: In their opening statements, neither Parties' counsel shall make arguments since arguments are excluded from opening statements. Nor shall either counsel refer to or comment on the exhibits their client may or may not introduce at trial which have not been previously and timely supplied to opposing counsel.

#### 2. Preclusion of evidence not produced prior to trial.

In ¶ 3, the Government requests the Court preclude any reciprocal discovery offered by Defendant that was not produced in advance of trial and further requests that the Defendant comply with Fed. R. Crim. P. 26.2. Essentially the Government is requesting that the Court issue "Attorney Instructions" to Defense Counsel to comply with the Federal Rules of Criminal Procedure. Presumably, all counsel appearing before this Court are well-versed in the Federal Rules of Criminal Procedure, Federal Rules of Evidence, and such other rules as may be relevant for a trial in the matter in which they appear. Overly broad, vague requests, based on speculation, that request this Court order opposing counsel to follow the Federal Rules do not serve the intended goal of a motion in limine. The Government has not identified any specific evidence expected to be presented by Defense Counsel, the mention of which is highly prejudicial to the Government, that cannot be adequately addressed by objection and/or curative instructions.

The Government's Motion is **DENIED, without prejudice,** with respect to the request in ¶¶ 3.

#### 3. Hearsay.

In ¶¶ 4 and 5, the Government requests, pursuant to Fed. R. Evid. 801(c) and 802, that the Court preclude Defense Counsel from alluding to information or facts, or asking questions

4

to the United States' witnesses for purposes of eliciting Defendant's own prior statements unless Defendant is in fact going to testify at his trial. The Government further requests, pursuant to Fed. R. Evid. 801(c), (d)(2), 802, 803 and 804, that the Court preclude Defense Counsel from referencing any interviews or statements (both verbal and non-verbal conduct) made by the Defendant to known law enforcement authorities, except those specifically elicited by the United States in its presentation of evidence.[1] The Government has not explained why it believes Defense Counsel would violate the hearsay rules. Nor has the Government identified any specific evidence that it has reason to believe the Defendant may attempt to illicit that should be excluded as hearsay. Again, keeping in focus the true purpose of in limine motions, the Court declines to consider such overly broad, vague, speculative requests out of context of the trial.

The Government's Motion is **DENIED, without prejudice,** with respect to the requests in ¶¶ 4 and 5.[2]

### 4. Inviting Witnesses to Narrate.

In ¶ 6, the Government requests that the Court preclude Defense Counsel from asking any witness to narrate, such as, "Is there anything else you would like to tell the jury?"

The Government's Motion is **GRANTED** with respect to ¶ 6: Neither Parties' counsel shall ask or invite any witness to "narrate," as opposed to responding to proper questions by counsel.

### 5. Sentencing Issues.

In ¶ 7, the Government requests that the Court preclude Defense Counsel from stating or eliciting in any manner, from any witness, any reference to the punishment the Defendant would receive if convicted. The Court finds that reference as to the sentence that might be

---

[1] In support of its arguments in ¶ 5, the Government cites *United States v. Sanjar*, 853 F.3d 190, 204 (5th Cir. 2017) and *United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988). The Court notes that these cases are distinguishable from this case because the findings and rulings made in the cited cases were made during the trial of the cases cited—not in a motion in limine.

[2] The Court notes that this is not the first time Government's Counsel has filed a motion in limine containing unnecessary, overly broad, vague, speculative requests that Defense Counsel be ordered to comply with the Federal Rules of Criminal Procedure and/or Federal Rules of Evidence. The Court trusts that future motions filed by Government's Counsel will comply with the purpose of a motion in limine which is to avoid the introduction of evidence at trial that is "clearly inadmissible on all potential grounds" and which could irretrievably impact the fairness of the trial. *Royal Marco Point 1 Condo. Ass'n*, 2011 WL 470561, at \*2.

imposed on a criminal defendant is irrelevant and prejudicial as the jury has no sentencing function and are specifically prohibited from considering the effects of their verdict, including any sentence that may follow. Punishment is not a matter for the jury. *Rogers v. United States*, 422 U.S. 35, 40 (1975) ("the jury had no sentencing function and should reach its verdict without regard to what sentence might be imposed").

The Government's Motion is **GRANTED** with respect to ¶ 7.

### 6. Statements relating to the emotional or financial well-being or to the health of the Defendant or Defendant's family.

In ¶¶ 8 and 9, the Government requests that Defense Counsel be prohibited from attempting to or eliciting testimony concerning the effect of the prosecution on Defendant's parents, children, family, spouse, or girlfriend as such is improper testimony on sympathy. Further, the Government requests Defense Counsel be prohibited from stating or eliciting in any manner, from any witness, information relating to the emotional, financial, or health status of the Defendant or members of the Defendant's family. The Court finds that such references generally are irrelevant and prejudicial, but, as noted, some may be admissible in certain circumstances, for limited purposes, or other just reason.

The Government's Motion is **GRANTED** with respect to ¶¶ 8 and 9.

### III. CONCLUSION.

Accordingly, the Government's Motion in Limine (Doc. 25) is **GRANTED-IN-PART** such that evidence or argument concerning ¶¶ 1, 2, 6, 7, 8 and 9 are **EXCLUDED** from trial as outlined above. The Motion is otherwise **DENIED-IN-PART, WITHOUT PREJUDICE,** as to all other issues raised therein. Counsel for the Parties are hereby **INSTRUCTED** not to make any of the above arguments or statements, or question witnesses in the presence of the jury regarding such matters and to so instruct their respective witnesses. Counsel are not relieved of the responsibility to make timely objections, as necessary, at trial. The matters prohibited by this Order shall be permitted only after proper notice to opposing counsel and the Court and only after and as authorized by the Court.

**SO ORDERED**, this 18th day of August 2023.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**